UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:22-cr-403 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ROBERT R. PARHIZGAR, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Robert R. Parhizgar ("defendant" or "Parhizgar") to dismiss with prejudice the indictment for a violation of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). (Doc. No. 15.) Plaintiff United States of America (the "government") has filed a response. (Doc. No. 16.) For the reasons that follow, defendant's motion is GRANTED IN PART, and the indictment is DISMISSED WITHOUT PREJUDICE.

**I.   BACKGROUND**

On July 14, 2022, an indictment issued charging Parhizgar with one count of wire fraud, in violation of 18 U.S.C. § 1343. (Doc. No. 1.) In particular, the indictment charged a fraudulent scheme whereby Parhizgar obtained a loan of more than $300,000 from a private individual and promised to repay the loan through the sale of property Parhizgar represented he owned. (*Id.* ¶¶ 5–7.) According to the indictment, Parhizgar did not own all of the property in question and the loan was never repaid. (*Id.* ¶ 8.) The indictment further provided that the fraudulent scheme was facilitated by means of a wire communication on January 24, 2019. (*Id.* ¶ 9.)

On the date the indictment issued, Parhizgar was living in Lubbock, Texas. (*See* Court Only Entry, 7/14/2022, providing Parhizgar's Texas address.) On July 20, 2022, a summons was issued advising Parhizgar of the indictment and setting an arraignment, to take place via video conferencing, on August 4, 2022 at 2:00 p.m. (Doc. No. 2.) Also on July 20, 2022, the Court appointed the Federal Public Defender's Office, in the Northern District of Ohio, to represent Parhizgar. (Order [non-document], 7/20/2022.) On August 3, 2022 and August 4, 2022, the United States Pretrial Services Office filed a Pretrial Services Report (Criminal History Only) and a Pretrial Services Report. (Doc. Nos. 4 and 5, respectively.)

On August 4, 2022, Parhirzgar was arraigned before the magistrate judge. All parties and the magistrate judge participated in the proceedings via video conference. Parhizgar was represented by Attorney Timothy C. Ivey from the Federal Public Defender's Office. Parhizgar entered a plea of not guilty to the charge contained in the indictment. (Minutes of Proceedings [non-document], 8/4/2022.) The government did not request pretrial detention, and Parhizgar was permitted to enter a $20,000 unsecured appearance bond. (*Id*.; Doc. No. 7 (Appearance Bond); *see* Doc. No. 8 (Order Setting Conditions of Release).) On two separate occasions, Parhizgar's bond was modified to permit additional travel between jurisdictions. (*See* Doc. No. 11 (adding travel between the Northern District of Texas and the Northern District of Ohio); Doc. No. 12 (order granting modification); Doc. No. 13 (adding travel between the Central District of California and the Northern District of Ohio).)

Due to an administrative oversight, the Court did not issue its trial order until November 10, 2022. (Doc. No. 14.) In this scheduling order, the Court set November 17, 2022 for the plea deadline and the final pretrial conference. The Court also set this matter for a jury trial to begin on

November 28, 2022. (Doc. No. 14.)

The present motion to dismiss followed on November 16, 2022. In his motion, defendant observes that, as of the date of his motion, 104 days have passed since his arraignment and plea of "not guilty." "Because the government has failed to try Mr. Parhizgar within 70 days, he moves to dismiss the case against him." (Doc. No. 15, at 2[1].) Parhizgar further requests that the dismissal be with prejudice. (*Id*. at 3.)

The government concedes that the 70-day indictment-to-trial rule set forth in 18 U.S.C. § 3161 has been violated in this case and that dismissal of the indictment, therefore, is necessary. (Doc. No. 16, at 1–2.) It argues, however, that the relevant factors—including the seriousness of the offense, the facts and circumstances leading to the violation, and the impact of re-prosecution—favor a dismissal without prejudice. (*Id*.)

## II. LAW AND DISCUSSION

The Speedy Trial Act provides that, subject to certain periods of exclusion, the trial of a defendant who has pleaded not guilty to a charge in an information or indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, wherever date last occurs." 18 U.S.C. § 3161(c)(1), (h). In the event that "a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Defendant carries the burden of proof as to the motion. *Id*.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

"[I]f a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Zedner v. United States*, 547 U.S. 489, 499, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006). In determining whether to dismiss with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2); *see United States v. Taylor*, 487 U.S. 326, 332, 108 S. Ct. 2413, 101 L. Ed. 2d 297 (1988).

In *Taylor*, the Supreme Court discussed the importance of the analysis:

> Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review. Only then can an appellate court ascertain whether a district court has ignored or slighted a factor that Congress has deemed pertinent to the choice of remedy, thereby failing to act within the limits prescribed by Congress.

*Taylor*, 487 U.S. at 336–37; *see, e.g., United States v. Pierce*, 17 F.3d 146, 148–49 (6th Cir. 1994) (affirming district court's dismissal of an indictment without prejudice, finding that the district court properly addressed the three factors); *see also United States v. Myers*, 666 F.3d 402, 406 (6th Cir. 2012) ("A trial court's with-prejudice or without-prejudice determination [under the Speedy Trial Act] receives deference." (citing *Taylor*, 487 U.S. at 332)).

Parhizgar was arraigned via video conference on August 4, 2022, and the speedy trial clock began to run on that date. Between the date of the arraignment and the filing of the present motion, there were no excludable events that would have tolled the speedy trial clock. The seventieth day after Parhizgar's indictment was October 13, 2022 and, as of that date, a technical violation of the

4

Speedy Trial Act had occurred. The Court finds that it must, therefore, dismiss the indictment.

Having determined that dismissal of the indictment is appropriate, the Court must now determine whether to dismiss the case with or without prejudice for violation of the Speedy Trial Act. As previously noted, the Court must balance the three factors set forth in the statute, and there is no presumption regarding whether dismissal should be with or without prejudice. *United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011); *see* 18 U.S.C. § 3162(a)(2).

    A.  *Seriousness of the Offense*

In *Pierce*, the Sixth Circuit observed that the first factor does not require the Court to necessarily label an offense "serious" or "not serious". Rather, "the seriousness of the offense" factor "simply demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice." *Pierce*, 17 F.3d at 149. The fact that there may be crimes that are more or less serious than the charged offense is merely one piece of information that may be considered in the analysis. *See id*.

Here, Parhizgar is alleged to have used dishonesty and subterfuge in order to unlawfully obtain over $300,000.00 in loan proceeds from another.[2] And while Parhizgar notes that his was a non-violent crime, violence is the not only measure of seriousness. Nonviolent crimes involving dishonesty and intentional misrepresentations, such as the charged wire fraud offense, are regularly determined to be serious for speedy trial purposes. *See United States v. Clark*, 577 F.3d 273, 282

---

[2] Parhizgar also notes that the lender retains the right to take civil action against him to enforce the loan agreement. (Doc. No. 15, at 3.) Of course, the availability of potential alternative civil remedies for the victim does not, in any way, diminish the seriousness of the criminal offense. *See generally United States v. Stevenson*, 832 F.3d 412, 419 (3d Cir. 2016) (noting that the first factor "seriousness of the offense" "centers primarily on society's interest in bringing the particular accused to trial" (quotation marks and citation omitted)).

(5th Cir. 2009) (citing district court decision and collecting cases); *see, e.g., Pierce*, 17 F.3d at 148–49 (finding tax evasion serious); *United States v. Solnin*, 81 F. Supp. 3d 193, 202 (E.D.N.Y. 2015) (finding mail fraud serious for purposes of the Speedy Trial Act); *United States v. Huebner*, No. 3:12-cr-443, 2013 WL 6199599, at *4 (N.D. Ohio Nov. 27, 2013) (finding charges of conspiracy and wire fraud serious); *United States v. Wollschlager*, 588 F. Supp. 1572, 1578–79 (N.D. Ill. 1984) (finding intentional filing of unauthorized withholding allowances to be "extremely serious" under § 3162(a)(2)), *aff'd*, 782 F.2d 1045 (7th Cir. 1985).

Additionally, the Court observes that the charged offense is punishable by up to 20 years imprisonment, a $250,000 fine, and 3 years of supervised release. Such significant penalties underscore the seriousness with which Congress viewed such offenses and properly factors into the speedy trial analysis. *See United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000) (considering penalty imposed by Congress as evidence of the seriousness of the offense (citing *United States v. Koory*, 20 F.3d 844, 847 (8th Cir. 1994)); *United States v. Koerber*, 813 F.3d 1262, 1274–87 (10th Cir. 1987) (noting length of maximum sentence is relevant to speedy trial inquiry).

Based on the foregoing, the Court finds that the first factor weighs in favor of dismissal without prejudice.

B. *Facts and Circumstances Leading to the Violation*

In evaluating the facts and circumstances surrounding the delay, courts consider whether the delay was caused by bad faith, prosecutorial misconduct, or a pattern of negligence on the part of the government. *See United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004)."[A]dequately consider[ing] this statutory factor requires "a proper evaluation of the role each party and the court

6

played in causing the delay[.]" *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000); *United States v. Criswell*, 360 F. Supp. 3d 694, 707 (S.D. Ohio 2019) ("In assessing the facts and circumstances leading to dismissal, the Court looks to the occurrences leading to the passage of more than seventy non-excludable days, up to the date of the motion to dismiss." (citing *United States v. Sherer*, 770 F.3d 407, 411 (6th Cir. 2014)).

The delay was not caused by the government acting in bad faith or dragging its feet in bringing Parhizgar to trial. There was no attempt by the government to gain a tactical advantage by waiting for the Court to issue a trial order, nor has defendant suggested that the government failed to timely meets its obligations under the Speedy Trial Act. Nevertheless, the Court would be remiss if it did not mention that the government failed to alert the Court to the speedy trial clock. *See Moss*, 217 F.3d at 431. Still, "[i]n cases where the government does not seek to enhance its position by delaying the trial, and does not regularly disregard the time limits of the [Speedy Trial] Act, dismissal with prejudice is not favored." *See United States v. Cardona-Rivera*, 64 F.3d 361, 365 (8th Cir. 1995) (citation omitted).

The Court agrees with defendant that he also was not responsible for the delay. (*See* Doc. No. 15, at 3.) "Although [Parhizgar] could have informed the court of the delay, a defendant has no duty to bring himself to trial and has no duty to bring any delay to the court's attention." *Moss*, 217 F.3d at 431 (citing *United States v. Kottmyer*, 961 F.2d 569, 572 (6th Cir. 1972)). But it is fair to note that Parhizgar waited *more than a month after* the violation occurred to file the present motion. "Defendants who passively wait for the speedy trial clock to run have [a lesser right] to

dismissal with prejudice than do defendants who unsuccessfully demand prompt attention."³ *Id*. (quoting *United States v. Pierce*, 1992 WL 71367, at *3 (W.D. Mich.), *aff'd*, 17 F.3d 146 (6th Cir. 1994).

Ultimately, the Court recognizes that the blame for the delay lands squarely at its doorstep. While the Court's general practice is to immediately assign to a criminal case dates and deadlines that fall comfortably within the parameters of the Speedy Trial Act, due to an administrative misstep, this did not happen here. Neither party contributed to this clerical oversight, nor was the Court thwarted in any way by the actions of either party. "Where there is no affirmative misconduct by either party, the court's conclusion that this second factor authorizes dismissal with or without prejudice is a matter within its discretion." *Pierce*, 17 F.3d at 149. Given that there was no misconduct on the part of the government, and in light of the fact that defendant's passivity has lessened his right to insist upon a dismissal with prejudice, the Court finds that this factor tips in favor of dismissal without prejudice. *See, e.g., Cardona-Rivera*, 64 F.3d at 364 (dismissal without prejudice appropriate where delay was attributable to the unwieldly caseload of the magistrate judge and the congestion of the district court's calendar (citation omitted)).

C. *Impact of Re-Prosecution*

In determining whether to dismiss an action without prejudice, the Speedy Trial Act also requires the Court to consider the impact of re-prosecution on both the administration of the statute and the administration of justice. The Supreme Court has stated that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to

---

³ Indeed, "the Act 'assigns the role of spotting violations of the Act to the defendant—for the obvious reason that they have the greatest incentive to perform this task.'" *Sylvester v. United States*, 868 F.3d 508, 509 (6th Cir. 2017) (quoting *Zedner*, 547 U.S. at 502–03).

reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Taylor*, 487 U.S. 342. When evaluating this third factor, the most relevant considerations are "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *United States v. Rosse*, 716 F. App'x 453, 461–62 (6th Cir. 2017) (quoting *Robinson*, 389 F.3d at 589); *see Howard*, 218 F.3d at 562.

As stated earlier, the Court does not find, and defendant does not argue, that the government acted in bad faith. Since the government was not culpable in the delay, dismissal with prejudice would do little to deter or advance the administration of the Speedy Trial Act. *See Cardona-Rivera*, 64 F.3d at 364. Further, Parhizgar fails to demonstrate how he was prejudiced by the delay or how he would be prejudiced by re-prosecution. Parhizgar has remained on bond since he was arraigned. In fact, given that the arraignment took place virtually, Parhizgar has yet to be required to appear in the Northern District of Ohio for any court proceedings. *See United States v. O'Dell*, 247 F.3d 655, 672 (6th Cir. 2001) (noting that fewer speedy trial concerns are implicated when a defendant is not detained during the delay (citation omitted)); *cf. Moss*, 217 F.3d at 432 (explaining that the district court should have considered the defendant's "incarceration and its impact on his life circumstances").

Additionally, there is nothing about the length of the delay—34 days between the running of the speedy trial clock and the filing of the present motion—that suggests that Parhizgar would be prejudiced if the government elected to re-prosecute following dismissal herein. *See Koory*, 20 F.3d at 848 (59-day delay did not mandate dismissal with prejudice); *Cardona-Rivera*, 64 F.3d at 363–64 (finding 61-day delay "not so substantial that dismissal with prejudicial is mandated

9

regardless of the other circumstances" and underscoring that defendant "waited until well after the seventy-day limit to file his motion for dismissal"); *United States v. Morgan*, 493 F. Supp. 3d 171, 209 (W.D.N.Y. 2020) (36-day delay, "[s]tanding alone [was] not significant enough to constitute a serious violation of the Speedy Trial Act warranting dismissal with prejudice"); *but see United States v. Kramer*, 827 F.2d 1174, 1177–79 (8th Cir. 1993) (reversing dismissal *with prejudice* for 42-day delay, instructing the district court to dismiss the case without prejudice); *see also Taylor*, 487 U.S. at 340 (noting that the "longer the delay, the greater the presumptive or actual prejudice to the defendant in terms of his ability to prepare for trial"). Parhizgar has not suggested that this relatively short delay has resulted in the unavailability of witnesses or the fading of their memories. Indeed, he has not alleged that the delay has in any way hindered his ability to mount a defense or otherwise defend himself against the allegations in the indictment. *See Koory*, 20 F.3d at 848 (noting that defendant's "failure to show any prejudice from delay is a circumstance that supports the district court's dismissal without prejudice").

Of course, "[r]eprosecution always involves some element of increased burden on the administration of justice and hinders the [Speedy Trial] Act's goal of swift prosecution, yet the Act does not mandate that every dismissal be with prejudice." *Id.* at 849 (citing *Kramer*, 827 F.2d at 1178). Here, the Court finds that while the speedy trial violation is regrettable, the impact of a possible re-prosecution "is minimal and there is no purposeful conduct or pattern of negligence on the party of the government to deter by a dismissal with prejudice." *Id.* This final factor, therefore, favors a dismissal without prejudice.

### III. CONCLUSION

Based on the foregoing, the Court concludes that a violation of the Speedy Trial Act has

<mark>Case: 4:22-cr-00403-SL  Doc #: 17  Filed: 11/30/22  11 of 11.  PageID #: 68</mark>

occurred and, therefore, dismissal is required pursuant to 18 U.S.C. § 3162(a)(2). Moreover, having considered the relevant factors, the Court finds that the balance favors a dismissal without prejudice. Accordingly, the Court DISMISSES the indictment WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: November 30, 2022

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

<mark>11</mark>